IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANGELA ELLA LOWREY,                    )
                                       )
            Plaintiff,                  )
                                       )
      -vs-                              )        Civil Action No. 21-176
                                       )
KILOLO KIJAKAZI,                       )
*Acting Commissioner of Social Security*,  )
                                       )
            Defendant.                   )

## ORDER

AND NOW, this 14th day of June, 2022, having considered the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §1381, *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. §405(g); *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019) (explaining substantial evidence demands only that the "existing administrative record…contains 'sufficien[t] evidence' to support the agency's factual determinations"); *Jesurum v. Secretary of U.S. Department of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff first argues that the Administrative Law Judge ("ALJ") failed to develop the record to determine the nature and degree of her mental impairments.  In support of the same, Plaintiff suggests that the ALJ should have referred her for a consultative examination.  By way of background, at the hearing, Plaintiff's counsel asked the ALJ for an additional 30 days to obtain additional medical records which the ALJ accommodated.  Thereafter, additional records

(Exhibits 4F and 5F) were made a part of the record and considered by the ALJ. Plaintiff insinuates that these additional records obtained after the hearing reveal her doctor's discussion with her about additional testing. As such, Plaintiff argues that a consultative examination was required.

To be clear, a recommendation from or a discussion with a doctor about certain tests does not equate to a need for an ALJ to order a consultative examination. While an ALJ may order a consultative examination if the record is insufficient to render a decision, he or she is generally not required to do so. *See* 20 C.F.R. §§ 416.919a, 416.920b; *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002). Rather, an ALJ is authorized to obtain a consultative examination "if the information needed to make a disability determination, 'such as clinical findings, laboratory tests, a diagnosis or a prognosis' cannot be obtained from the claimant's medical sources." *Tuulaupua v. Colvin*, Civ. No. 14-1121, 2015 WL 5769984, at *6 (W.D. Pa. Sept. 30, 2015) (quoting 20 C.F.R. §§ 416.919a(a) and (b)). Such an examination may be ordered "to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [the claimant's] claim." 20 C.F.R. § 416.919a(b). The decision whether to order such an examination is within the sound discretion of the ALJ. *See Thompson*, 45 Fed. Appx. at 149.

Here, Plaintiff's counsel did not request such an examination, nor did she indicate at any point that the record was insufficient for the ALJ to render a decision. Indeed, there is no indication that the record was insufficient to make a disability determination. On November 7, 2018, the State Agency psychological consultant, Douglas Schiller, Ph.D., indicated that he did not deem a consultative examination to be needed. (R. 51). The later medical records contained in Exhibits 4F and 5F, at best, make passing reference to the possibility of an intellectual disability and to Plaintiff declining neuropsych testing. (R. 328). Moreover, the records demonstrate, and the ALJ noted, that Plaintiff's statements to her medical providers were largely motivated by her attempt to receive disability benefits. (R. 21, 243-44, 246, 251, 313, 328). Under these circumstances, the Court finds that substantial evidence supports the ALJ's exercise of her discretion. Thus, the Court finds that the ALJ did not abuse her discretion in not obtaining a consultative examination.

Plaintiff next argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence. An ALJ is charged with formulating the RFC based on all of the relevant evidence. *See* 20 C.F.R. § 416.945(a). To that end, an ALJ must explain the basis for the RFC finding and set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121-22 (3d Cir. 2000); *Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001); *Lanza v. Astrue*, No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *See Burnett*, 220 F.3d at 121 (citing *Cotter*, 642 F.2d at 705). There is no requirement, however, for an ALJ to discuss or refer to every piece of relevant evidence in the record, so long as the reviewing court can determine the basis of the decision. *See Fargnoli*, 247 F.3d at 42; *Hur v. Barnhart*, 94 Fed. Appx. 130, 133 (3d Cir. 2004) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Rather, an ALJ must provide

2

sufficient explanation of his or her final determination to afford a reviewing court with the benefit of the factual basis underlying the ultimate disability finding.  *See Cotter*, 642 F.2d at 705.

In this case, Plaintiff asserts that the ALJ's determination that she had "no limitation" in adapting or managing oneself is at odds with the facts of the case and that her limitations in this area should have been reflected in the RFC.  To that end, Plaintiff points to the medical opinion of Dr. Schiller, who found Plaintiff had a "moderate limitation" in adapting or managing oneself. (R. 53).  The Court notes that, for applications such as this one, filed on or after March 27, 2017, an ALJ's consideration and discussion of medical opinion evidence must conform to the framework set forth at 20 C.F.R. § 416.920c.  Pursuant to that framework, an ALJ is to consider the opinion's persuasiveness.  *See id.* at § 416.920c(b).  Five factors are at the ALJs' disposal as they determine persuasiveness, of which they must specifically address the two most important factors – supportability and consistency.  *See id.* at § 416.920c(a)-(c).

As noted, Dr. Schiller found Plaintiff to have moderate limitation in the area of adapting and managing oneself.  In discussing how persuasive this opinion was, the ALJ specifically referenced mental health examinations (including those occurring after Dr. Schiller's opinion) documenting appropriate mood and affect; normal appearance; good eye contact; cooperativeness; normal speech; intact language; normal orientation; normal thought processes; normal thought content; no evidence of internal stimuli; normal perceptions; normal cognition and/or intellectual function; intact fund of knowledge; and intact judgment and insight.  (R. 22). Additionally, the ALJ pointed out that during the relevant period Plaintiff received limited mental health treatment and that the treatment she did receive was "generally effective."  (*Id.*) Finally, the ALJ found that Plaintiff is less limited than what Dr. Schiller found considering her activities, noting that Plaintiff "is able to take care of personal needs and grooming, exercise, go for walks, take care of household pets, prepare meals, complete household chores such as cleaning and laundry, shop in stores, go to the zoo, use public transportation, spend time with others, get along with family, friends, neighbors, and/or authority figures, use a computer, pay bills, count change, handle a savings and/or checking account, read, play games on her iPad, and watch television."  (*Id.*).  *See* 20 C.F.R. Part 404, Subpart P, App'x 1 §12.00E.4 (explaining that the ability to adapt or manage oneself refers to the ability to regulate emotions, control behavior, and maintain well-being in a work setting).   After a review of the decision as a whole, the Court finds that the ALJ adequately explained her decision that Plaintiff was less limited than as opined by Dr. Schiller.  The Court further finds substantial evidence supports the ALJ's RFC determination in this regard.  No further explanation was required.

Along the same lines, Plaintiff appears to take issue with the ALJ's determination that her alleged intellectual disorder and/or learning disorder was not a medically determinable impairment.  The Court is unpersuaded by this as the ALJ expressly noted that even if Plaintiff's intellectual disorder and/or learning disorder was a severe impairment, she accommodated that impairment in the RFC by limiting Plaintiff to understanding, remembering, and carrying out simple instructions and performing simple, routine tasks such as those akin to the work requirements at the SVP 1 or SVP 2 levels.  (R. 17-18).  This determination is supported by substantial evidence.  Moreover, as noted above, the ALJ was well within her discretion in determining that additional testing as to this matter was not warranted.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

BY THE COURT:

s/  Alan N. Bloch
United States Senior District Judge

ecf:    Counsel of Record

Finally, Plaintiff appears to assert that the ALJ failed to mention certain other evidence that tends to prove her position that her impairments were more limiting.  However, regardless of whether Plaintiff disagrees with the ALJ's decision in this case, the question for the Court is not whether the ALJ could have reasonably made a different finding based on the record but, rather, whether the ALJ's actual findings are supported by substantial evidence of record.  *See Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986); *Malloy v. Comm'r of Soc. Sec.,* 306 Fed. Appx. 761, 764 (3d Cir. 2009).  Therefore, any argument in this regard is misplaced. Nonetheless, upon review of the decision as a whole, the Court finds the ALJ properly evaluated the evidence in determining Plaintiff's RFC and provided sufficient detail for this Court to perform a proper and meaningful review.  Contrary to Plaintiff's assertion otherwise, the ALJ did not ignore evidence.  Rather, in the context of the entire record, the ALJ explained the evidence while reviewing the medical records.  For example, the ALJ discussed that Plaintiff's examinations demonstrated normal findings and positive response to treatment, that her mental health treatment was limited, that her medical records indicate she appeared to be "largely driven into treatment by attempts to get disability" (R. 21), that she refused outpatient therapy services, and that her activities of daily living are not consistent with her statements. These findings are supported by substantial evidence.

Therefore, for all of the reasons stated herein, the Court affirms the ALJ's decision.